IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. ELH-13-151<br>Related Civil No. ELH-22-734 |
| RUSSELL CARRINGTON, | |
| Defendant. | |

**MEMORANDUM**

Russell Carrington, who is self-represented, has filed a "Petition for Relief From Judgment of a Career Offender Under F.R. Civ. Pro. Rule 60(a) and (b)(1)-(4)." ECF 2219 (the "Petition"). The Petition is supported by several exhibits. ECF 2219-1 to ECF 2219-4. The government opposes the Petition (ECF 2221, the "Opposition"), accompanied by one exhibit. ECF 2221-1. And, Carrington has replied (ECF 2223, the "Reply"), accompanied by additional exhibits. ECF 2223-1; ECF 2223-2.

No hearing is necessary to resolve the Petition. *See* Local Rule 105.6. Moreover, to the extent the Petition is actually a motion under 28 U.S.C. § 2255, an issue discussed, *infra*, no hearing is required because "the motion and the files and records of the case conclusively show the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

For the reasons that follow, I shall deny the Petition.

**I. Factual and Procedural Background**

**A.**

This case, with 44 defendants, was assigned to me at the time of indictment on April 2, 2013. ECF 1. All of the defendants were not named at that time, however. During the pendency of the case, I ruled on numerous pretrial motions, took many guilty pleas from many defendants,

and conducted sentencing proceedings for those defendants who did not proceed to trial. However, Judge J. Frederick Motz presided at the trial of the eight defendants who did not plead guilty, one of whom was Carrington. Therefore, Judge Motz imposed the sentence on Carrington. Defendant's conviction and sentence were affirmed by the Fourth Circuit. *See United States v. Carrington*, 700 Fed. App'x 224 (4th Cir. 2017).

Thereafter, Carrington moved for post-conviction relief, under 28 U.S.C. § 2255. ECF 2112. I denied the motion filed by Carrington. *See* ECF 2148 (Memorandum Opinion); ECF 2149 (Order). I incorporate here much of the background from that Memorandum Opinion.

**B.**

As noted, Carrington was one of 44 defendants in the case. He was indicted in 2013 and charged with Racketeering Conspiracy under the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and conspiracy to distribute and possess with intent to distribute controlled dangerous substances. ECF 1 (Indictment); ECF 418 (Superseding Indictment); ECF 869 (Second Superseding Indictment). The charges were rooted in a pervasive criminal enterprise at the Baltimore City Detention Center ("BCDC"), a facility for pretrial detainees, involving the smuggling of narcotics, tobacco, and cell phones. The defendants generally consisted of two groups: members of the Black Guerilla Family ("BGF") who were inmates at BCDC, and corrupt correctional officers who worked at BCDC and helped to facilitate the criminal enterprise. The government claimed that Carrington was a "high-ranking member of BGF . . . ." ECF 2119 at 2.[1]

---

[1] Citations refer to the electronic pagination as it appears on CM/ECF.

Prior to trial, on October 22, 2014, the government filed a notice of intent to seek an enhanced minimum sentence as to Carrington, pursuant to 21 U.S.C. § 851. ECF 1110. This alerted Carrington to the fact that a maximum sentence of thirty years would be sought by the government if he was found to have at least one prior conviction for a felony drug offense.

As mentioned, Carrington was one of eight defendants who proceeded to a jury trial, at which Judge Motz presided. The trial began on November 17, 2014, and on February 5, 2015, the jury returned a verdict of guilty as to Carrington and four other defendants. ECF 1425; ECF 1426. Two of the five convicted defendants were BGF gang members who had been inmates at BCDC and three were correctional officers who worked at BCDC. In particular, Carrington was convicted of racketeering conspiracy (Count One) and conspiracy to distribute drugs (Count Two), *i.e.*, oxycodone, buprenorphine, marijuana, and alprazolam. *Id.*

The Presentence Report ("PSR") was filed on March 16, 2015. ECF 1558. An Amended Presentence Report was filed on March 30, 2015, and is docketed at ECF 1588.

According to the PSR, Carrington had a total offense level of 34 after applying enhancements to his base offense level. ECF 1588, ¶ 21. Alternatively, he had an offense level of 34 because he qualified as a career offender under U.S.S.G. § 4B1.1(a). ECF 1588, ¶ 24. And, he had a criminal history category of VI, based on his criminal history points (18 points) and also under U.S.S.G. § 4B1.1(b), because he qualified as a career offender. *Id.* ¶¶ 46, 47.

Pursuant to U.S.S.G. § 4B1.1(a), a defendant is a career offender if:

> (1) The defendant was at least eighteen years old at the time [he] committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Carrington's sentencing was held on March 27, 2015. ECF 1584. At sentencing, the Court determined that Carrington had an offense level of 34 and a criminal history category of VI. ECF 1901 (Sentencing Transcript) at 17; ECF 1609 (Statement of Reasons); *see also* ECF 1588, ¶¶ 15-22. Therefore, Carrington had an advisory sentencing guidelines range of 262 to 327 months of imprisonment. ECF 1588, ¶ 108.

The prior felony convictions that formed the basis for Carrington's career offender designation are referenced in paragraphs 32 and 41 of the PSR, and were identified, respectively, as case number 102322044 (ECF 1588, ¶ 32) and case number 112067011 (*id.* ¶ 41), both in the Circuit Court for Baltimore City.

As to the conviction referenced in ¶ 32, distribution of cocaine, Carrington was arrested on October 19, 2002, and he entered a plea of guilty on August 24, 2004. He was sentenced to 7 months and 6 days of incarceration, *i.e.*, time served. *Id.* ¶ 32. The offense referenced in paragraph 41 reflects an arrest date of April 13, 2011, and a guilty plea on September 23, 2013, to the offenses of possession with intent to distribute heroin and possession with intent to distribute cocaine. Carrington received concurrent sentences of nine years, of which five years was suspended. *Id.* ¶ 41.

The government sought a total sentence of 300 months (25 years) of incarceration. ECF 1901 at 6. However, the district court varied downward on the basis of the factors in 18 U.S.C. § 3553(a), and imposed a total sentence of 210 months (18 years) imprisonment. This sentence was 52 months below the bottom of Carrington's advisory sentencing guideline range, and 90 months below the government's recommendation. ECF 1608 (Judgment, docketed April 8, 2015); ECF 1609 (Statement of Reasons); ECF 1901 at 17.

On March 28, 2015, Carrington filed a Notice of Appeal. ECF 1586. In a consolidated appeal, involving the other defendants convicted at trial, the Fourth Circuit affirmed defendant's convictions and sentence by way of an opinion issued on July 25, 2017. ECF 1992; *Carrington*, 700 Fed. App'x 224. The Fourth Circuit concluded that the evidence was sufficient to support Carrington's racketeering conviction and that the district court did not err in admitting certain coconspirator testimony. *Id*. at 232 n. 2.[2]

Following the disposition of his appeal, Carrington filed a motion under 28 U.S.C. § 2255, advancing a variety of arguments. ECF 2112. As relevant here, Carrington argued that a prior State conviction used to establish his career offender status had been expunged. *See* ECF 2148 at 1, 11-15. By Memorandum Opinion (ECF 2148) and Order (ECF 2149) of February 13, 2019, I denied the motion. I explained, *inter alia*, that the expunged offense raised by Carrington was a nol prossed misdemeanor charge related to the same incident, and did not form the basis for defendant's career offender designation. ECF 2148 at 11-15. I denied a Certificate of Appealability. *Id*. at 23-24.

Carrington noted an appeal. ECF 2150. The Fourth Circuit denied a Certificate of Appealability and dismissed the appeal. ECF 2158; ECF 2161.

## C.

The Petition focuses on Carrington's prior State felony drug conviction in criminal case number 112067011, as well as his expunged State misdemeanor charge in case number 811227004. Both stem from the same incident. *See* ECF 1588, ¶¶ 41, 69.

---

[2] As to one codefendant, Joseph Young, the Court upheld the convictions but vacated the sentence and remanded for a new sentencing. *Id*. at 233-34.

As noted, Carrington's designation as a career offender was founded, in part, on the conviction described in paragraph 41 of the PSR, identified as case number 112067011, in the Circuit Court for Baltimore City. ECF 1588, ¶ 41. The offense referenced in paragraph 41 reflects an arrest date of April 13, 2011, and a guilty plea on September 23, 2013, to the offenses of possession with intent to distribute heroin and possession with intent to distribute cocaine. Carrington received concurrent sentences of nine years, of which five years were suspended. *Id.*

Case number 811227004 is referenced in the PSR in ¶ 69, in the section concerning "Other Alleged Criminal Conduct." It reflects an arrest date of April 13, 2011, but the PSR expressly states that the case was nol prossed. *Id.* Thus, it was not identified as a conviction, nor was it part of Carrington's career offender calculus.

As to case number 112067011, the PSR states, *inter alia*, *id.* ¶ 41: "The Indictment charges that on April 13, 2011, in the 400 block of Lanvale Street, the defendant distributed heroin and cocaine to Godfrey Hicks […]."

Carrington's conviction in case number 112067011 apparently arose from the same conduct that resulted in his arrest in case number 811227004. Paragraph 69 of the PSR states, with respect to case number 811227004, as follows, *id*. ¶ 69:

> The statement of Probable Cause reflects that on April 13, 2011, at 12:25 p.m., police observed Russell Carrington and Godfrey Hicks standing in an alley in the 400 block of Lanvale Street. Hicks handed Carrington money. Carrington them [sic] walked into the yard of 433 Lanvale Street and opened a dryer vent. He removed two plastic bags and retrieved small objects (suspected CDS) from both bags. Carrington returned the bags and walked back to Hicks. They noticed police and ran into the alley. Carrington threw the suspected CDS into the yard at 443 Lanvale Street. Carrington and Hicks were both stopped and arrested. Recovered from 443 Lanvale Street were one vial of cocaine and one capsule of heroin. Recovered from the dryer vent were two plastic bags – one containing ten vials of cocaine and one containing seven capsules of heroin. Recovered from Carrington was $29.

On January 7, 2016, Carrington obtained an "Order For Expungement of Records," signed by Baltimore City Circuit Court Judge Jeannie Hong. *See* ECF 2120-2. It states that Carrington was "found to be entitled to expungement of police records pertaining to the arrest, detention, or confinement … on or about 04/13/2011 [in] Baltimore City, Maryland, by a law enforcement officer of the BCPD" with respect to criminal case number 811227004. ECF 2120-2 at 1.

A series of legal developments since I considered Carrington's § 2255 motion have illuminated the circumstances regarding this issue, and are relevant here. First, in March 2020, Carrington petitioned the Circuit Court for Baltimore City to expunge his criminal record in case number 112607011. *See* ECF 2219-4 (Circuit Court Order); ECF 2221-1 (Opinion in *Carrington v. State*, No. 336 (Md. Ct. Spec. App. Nov. 22, 2021) (per curiam)) at 4.

Judge Karen C. Friedman of the Baltimore City Circuit Court denied Carrington's petition on April 20, 2020. ECF 2219-4. Judge Friedman first noted that Criminal Complaint No. 113D06069, which was the complaint resulting from Carrington's arrest, was originally charged as a misdemeanor, in case number 811227004, which occurred prior to the indictment in case number 112607011. *Id*. at 1. After the indictment, the State nol prossed the misdemeanor. *Id*. However, "a clerical error was made when the criminal complaint was indicted." *Id*. Normally, the "tracking number" for the misdemeanor and newly created felony "remain the same," but this "was not done in this case." *Id*. As a result, it was not clear to the State during the subsequent expungement proceedings that the misdemeanor case was the basis of an indictment. *Id*. And, if it had been clear, the State "would have objected" to expungement, because the misdemeanor charges arose out of the same incident as the felony charges. *Id*. at 2. Thus, the expungement of the misdemeanor "was granted in error," which Carrington "benefitted from." *Id*. Accordingly,

7

Judge Friedman found that the charges in case number 112607011 were not eligible for expungement. *Id*.

In July 2020, Carrington filed a petition for writ of coram nobis with the Circuit Court for Baltimore City, again seeking expungement of case number 112607011. ECF 2221-1 at 4. He argued that because the same facts gave rise to both the misdemeanor and felony cases, the expungement of the misdemeanor case should also apply to felony case number 112607011. *Id*. at 4-5. The circuit court denied the petition in December 2020. *Id*. at 5.

Then, in March 2021, Carrington filed a second petition in the Circuit Court for Baltimore City for a writ of coram nobis. *Id*. In the second petition, he asserted that he was convicted unlawfully in case number 112607011 because the court "'only had subject matter jurisdiction over case no. 811227004.'" *Id*. He also argued that, because the tracking number was assigned only to case number 811227004, his plea agreement in case number 112607011 "'was founded upon fraudulent information'" and should be vacated. *Id*. at 5-6. And, in April 2021, the circuit court denied the petition. *Id*. at 6.

Carrington appealed the denial of his second petition to the Maryland Court of Special Appeals. In a per curiam opinion issued on November 22, 2021 (ECF 2221-1 at 2-8), the Maryland Court of Special Appeals upheld the circuit court. *Id*. at 8. Notably, the court said: "Nothing in the record before us persuades us that the indictment in case no. 112067011 was improperly filed, or that the 2016 Order of Expungement had any effect whatsoever on Carrington's convictions in that case." *Id*.

## II. Discussion

### A.

Ordinarily, a federal defendant must bring a collateral attack on the legality of his conviction or sentence through a motion to vacate under 28 U.S.C. § 2255. The Petition is styled as one for relief of judgment under Rule 60(a) and Rule 60(b)(1)-(4) of the Federal Rules of Civil Procedure. But, the label is not determinative; it is the substance that controls. And, as the government observes (ECF 2221 at 5-9), the Petition is, in reality, an unauthorized successive § 2255 petition.

Rule 60 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic); misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Carrington cannot use Fed. R. Civ. P. 60 to mask the actual nature of his submission. *See United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), *abrogated in part on other grounds, as recognized in United States v. Trappier*, 788 Fed. App'x 239 (4th Cir. 2019) (per curiam).

An examination of Carrington's claims demonstrates that his Petition, although captioned as a petition under Rule 60(a) and (b), is actually an attempt to attack his sentence in this case. Carrington argues that his career offender designation was imposed improperly, in violation of the Fifth and Eighth Amendments to the Constitution, on the grounds that his conviction in case number 112607011 was improper. ECF 2219 at 1-9. For relief, he seeks to have his career offender designation removed, and his sentencing guidelines adjusted at a resentencing. *Id*. at 9.

The Petition is plainly a renewed attack on Carrington's underlying sentence, and thus it is, in effect, a successive motion under § 2255. *See United States v. West*, No. 21-7268, 2022 WL 822205, at *1 (4th Cir. Mar. 18, 2022) (per curiam) ("[Defendant's Rule 60(d)(3) motion challenged the validity of his convictions and sentence and should have been construed as a successive 28 U.S.C. § 2255 motion."); *United States v. Grapes*, 408 Fed. App'x 766, 767 (4th Cir. 2011) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [defendant] may challenge his criminal judgment."); *United States v. McKinnon*, CCB-12-139, 2012 WL 727017, at *1 (D. Md. March 5, 2012) ("Rule 60(b) is not a substitute for collateral review of criminal judgments.").

To be sure, and as the government recognizes (ECF 2221 at 6-7), the Supreme Court has recognized that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).[3] The Fourth Circuit has explained:

> [A] Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

---

[3] *Gonzalez* concerned state habeas petitions under 28 U.S.C. § 2544. But, "it applies equally to § 2255 motions to vacate." *United States v. Salas*, 807 Fed. App'x 218, 223 n.7 (4th Cir. 2020).

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal citations omitted); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (explaining that a "true" 60(b) motion "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition") (internal citations omitted).

Carrington argues in his Reply that the Petition is not "a de facto successive § 2255 petition to challenge his sentence," because he is "challenging . . . 'a defect in the integrity of the habeas proceeding.'" ECF 2223 at 3 (quoting *Spitznas*, 464 F.3d at 1215-16). But this is not a fair reading of the Petition, which fundamentally challenges Carrington's career offender designation, and not some aspect of the prior § 2255 proceeding. Indeed, Carrington characterizes his submission as a "motion pertaining to a fundamental defect in the proceeding itself," with that defect being that he "had no adequate warning of the felony drug conviction the government would use to enhance his sentence, namely because he reasonably believes [sic] the conviction in question was a misdemeanor offense." *Id*. at 5. In other words, Carrington challenges what he believes to be a defect in his original criminal proceeding and sentencing, relating to the use of case number 112607011 to support his career offender designation, rather than any issue with the previous § 2255 proceeding.

Therefore, I conclude that the Petition is a renewed attempt to present arguments attacking the sentence. It follows that the Petition is actually a § 2255 petition, not a Rule 60(b) motion.

But, Carrington has not satisfied the requirements for the filing of a successive § 2255 petition. Prisoners seeking to file a new § 2255 motion after the denial of a previous one must satisfy the pre-filing requirements set forth in 28 U.S.C. § 2255(h):

11

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Carrington has not obtained the required certification by the Fourth Circuit that would permit a successive § 2255 motion. Nor is there any serious contention that "newly discovered evidence" as to his guilt exists in this case. Carrington attaches responses to certain public records requests regarding his 2011 offense that he made in 2019 to the Baltimore Police Department. *See* ECF 2219-3. He also attaches Judge Friedman's Order of April 20, 2020. *See* ECF 2219-4. But none of these submissions meet the standard described in § 225(h)(1).

Carrington also argues that he is "not relitigating the same argument he made in his original § 2255 motion." ECF 2223 at 5. This is debatable; his arguments as to his expungement are very similar. Regardless, § 2255(h) bars *all* successive § 2255 petitions unless its requirements are met, not merely those making the same argument.

Because the Petition is actually a successive § 2255 motion, for which Carrington has not obtained the necessary authorization, the Court is without authority to consider the merits.

**B.**

Even if the Petition were considered on the merits, it would fail. If considered as a § 2255 motion, the Petition would fail because a challenge to a defendant's designation as a career offender is not cognizable under § 2255. *See United States v. Foote*, 784 F.3d 931, 940 (4th Cir.), *cert. denied*, 576 U.S. 1027 (2015); *see also, e.g., United States v. Newbold*, 791 F.3d 455, 459

(4th Cir. 2015); *Dennis v. United States*, CCB-10-715, 2017 WL 1807088, at *5 (D. Md. May 5, 2017).

Carrington attempts to invoke Rule 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." But, what Carrington seeks—reversing his career offender designation—is far more than the correction of a "clerical mistake." This is so notwithstanding Judge Friedman's use of the phrase "clerical error" to describe the mistake made as to tracking numbers. *See* ECF 2219-4 at 1.

Carrington also invokes Rule 60(b)(1)-(4). "To obtain relief from a judgment under Rule 60(b), 'a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside.'" *United States v. Salas*, 807 Fed. App'x 218, 225 (4th Cir. 2020) (quoting *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018)).

But, even setting aside the first and third prongs, Carrington is wholly unable to show any sort of meritorious claim. Why this is so has been adequately explained both by this Court, in ruling on Carrington's § 2255 motion (*see* ECF 2148 at 11-15), and by the Maryland Court of Special Appeals in its November 2021 ruling. *See* ECF 2221-1.

As noted, Carrington's career offender designation was premised, in part, on defendant's conviction in criminal case number 112067011. *See* ECF 1588, ¶ 41. The expungement of his misdemeanor charge in case number 811227004 did not affect the prior convictions listed in Carrington's PSR as career offender predicates. Case number 811227004 was not referenced as a conviction, nor was it part of the career offender calculus.

The Maryland Court of Special Appeals has rejected the argument that the State's handling of case number 811227004 had any effect on Carrington's guilty plea or his conviction in case number 112067011. *See* ECF 2221-1 at 6-8. As a result, it has upheld the validity of Carrington's prior felony convictions. Nor has any support been provided for the notion that Carrington was somehow "surprised" by the use of his conviction in case number 112067011 to support his career offender status. *See* ECF 2223 at 5-6. The conviction was plainly noted in the PSR. ECF 1588, ¶ 41.[4]

Indeed, the legal developments since Carrington's § 2255 motion, if anything, weaken his argument. Judge Friedman's decision of April 2020 made clear that the expungement of Carrington's misdemeanor case was an error that benefited defendant. *See* ECF 2219-4. And, as noted, the Maryland Court of Special Appeals has affirmed his conviction in case number 112067011. *See* ECF 2221-1.

Perhaps most significant, even if Carrington were not a career offender, his offense level and criminal history category would have remained the same: 34/VI. In other words, the conviction in case number 112067011 had no effect on defendant's advisory sentencing guidelines range.

In particular, Carrington had a base offense level of 26, according to the drug quantity attributable to him (ECF 1588, ¶ 26) and, with the various enhancements that also applied, his offense level was increased to 34. *See id.*, ¶¶ 16-21. As a career offender, he also had an offense level of 34. *Id.* ¶ 22. So, the career offender designation did not increase the offense level.

---

[4] In his Reply, Carrington includes a 2019 letter from his counsel in cases 811227004 and 112067011. *See* ECF 2223-2. He appears to assert that this letter indicates that counsel was unaware of the State's decision to indict defendant on a felony charge and nol pros the misdemeanor charge. *See* ECF 2223 at 6. The letter merely recounts the history of the two cases.

Moreover, based on defendant's prior convictions, Carrington had a total of 18 criminal history points. *Id.* ¶ 46. This equated to a criminal history category of VI, which is the same as that for a career offender. *See* U.S.S.G. § 4B1.1(b). And, disregarding the three points attributable to the conviction in case number 112067011, Carrington would have had 15 criminal history points. Of import here, that still equates to a criminal history category of VI.

In sum, even if Carrington's Petition were considered on the merits, it would fail.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[5] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

---

[5] The denial of a COA by the district court does not preclude defendant from seeking a COA from the appellate court.

Carrington has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.

Date:   March 25, 2022                                    /s/
                                                   Ellen L. Hollander
                                                   United States District Judge